UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES M. FERGUSON                                                                                    PETITIONER

VERSUS                                                            CIVIL ACTION NO. 1:15CV261-HSO-RHW

MARSHALL FISHER                                                                                    RESPONDENT

**PROSPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is James M. Ferguson's 28 U.S.C. § 2254 petition for writ of habeas corpus. Ferguson currently is serving a life sentence as an habitual offender following a jury trial and conviction for aggravated assault in the First Judicial District of Harrison County, Mississippi. Doc. [16-1] at 101. In his petition, Ferguson argues that (1) trial counsel was ineffective for (a) failing to object to the introduction of a hair dryer, curling iron, and radio into evidence, (b) failing to object to the prosecution's reference in opening and closing arguments to injuries caused by the hair dryer, curling iron, and radio; and (2) the indictment was constructively amended by the admission of the hair dryer, curling iron, and radio into evidence at trial. Respondent identifies as a third claim that the trial judge erred in allowing the hair dryer, curling iron, and radio into evidence. Doc. [15] at 6. Based on the undersigned's review of Ferguson's petition and amended petition, it does not appear that Ferguson raised this specific claim. *See* Doc. [1] & [5]. Rather, the admission into evidence of these items is bound up with Ferguson's claims of ineffective assistance of counsel and constructive amendment of the indictment. Nevertheless, out of an abundance of caution, the Court will address this claim as well.

**Standard of Review**

With the exception of Ferguson's claim that the trial judge erred by allowing certain evidence admitted at trial, each of the claims raised in Ferguson's § 2254 petition was considered and rejected by the Mississippi Supreme Court. *See Ferguson v. State of Mississippi*, 137 So.3d 240 (Miss. 2014); Doc. [15-2]. Accordingly, the Court must consider those claims in light of 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(2) applies to a state court's factual determinations, and subsection (d)(1) governs review of questions of law and mixed questions of law and fact. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). As to questions of law, a federal court must defer to the state court's decision on the merits of such claim unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. A state court decision is contrary to federal law when the state court reaches a conclusion opposite to that of the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005). A state court decision involves an unreasonable application of federal law when the state court properly

identifies the applicable federal principle but unreasonably applies the principle to the facts of the petitioner's case. *Id.* As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000). Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A federal habeas court presumes that the state court's findings of fact are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Murphy*, 416 F.3d at 432.

**Sufficiency of the Evidence**

Before addressing Ferguson's enumerated claims, the undersigned notes that underlying each of Ferguson's claims is what amounts, in essence, to a sufficiency-of-the evidence claim. Prior to trial, Ferguson argued to the trial judge that he did not stab the victim and that the victim's medical records support his claim, because the records refer to "lacerations" and not "stab wounds". Doc. [16-2] at 76-77. He filed a *pro se* motion to dismiss based on insufficient evidence. Doc. [16-1] at 66-69. Ferguson's attorney presented this argument to the trial court. The trial court denied the motion. Doc. [16-2] at 79-80. In his petition and in response to Respondent's answer, Ferguson continues to argue that he did not stab the victim and that the evidence does not support such a conclusion. *See* Doc. [1] at 7; Doc. [17] at 2, 4-5. Because the evidence does not support a finding that he stabbed the victim with a knife, Ferguson asserts that he committed a "simple domestic assault" and not an aggravated assault. Doc. [17] at 2.

3

Ferguson also raised a sufficiency claim on direct appeal, which the Mississippi Supreme Court rejected. *See Ferguson*, 137 So.3d at 243-44.

Each of Ferguson's habeas claims builds off of the premise that he did not stab the victim with a knife. By implication, he instead was convicted of assault with a curling iron, hair dryer, and radio; but not a knife. Hence, he contends that trial counsel was ineffective for failing to object to the introduction of these items into evidence and for failing to object to the prosecution's reference to these items in opening and closing statements. By the same token, Ferguson argues that the indictment against him was constructively amended because he was tried and convicted of committing an assault with a curling iron, hair dryer, and radio. Finally, he suggests that the trial judge committed error in allowing these items to be admitted into evidence.

To the extent that Ferguson protests his innocence, the undersigned finds that there was constitutionally sufficient evidence to find Ferguson guilty of the offense as charged. In assessing the sufficiency of the evidence to support a state conviction, a federal habeas court must inquire, after viewing the evidence in a light most favorable to the prosecution, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996). This Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict. *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005). This requirement encompasses both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). *See also Jackson*, 443 U.S. at 324-25. Witness credibility determinations are within the province of the jury and it "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses."

*United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001).  On habeas review, the court defers to the trier of fact in resolving conflicts requiring credibility determinations.  *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

In the instant case, the victim testified that Ferguson stabbed her with a knife and that the knife blade broke off during the attack.  Doc. [16-2] at 129-32.  Officer Jeremy Hayes testified that when he arrived at the crime scene he observed the victim with lacerations and puncture wounds to her face.  Doc. [16-2] at 147-48.  The medical records indicated that the victim suffered "lacerations".  *See* Doc. [16-1] at 70-72.  Although it appears Ferguson is correct, in that the medical records did not specifically state that the victim sustained "stab wounds", the treating physician testified at trial that the victim's lacerations were consistent with knife wounds.  Doc. [16-3] at 3, 6.  Investigating officers found a knife blade, with reddish brown stains, in the closet where the assault occurred.  Doc. [16-3] at 15, 30, 41.  Based on the foregoing, the evidence was more than adequate for a rational trier of fact to find Ferguson guilty of aggravated assault with a knife.

**<u>Ineffective Assistance of Counsel</u>**

There are two parts to Ferguson's ineffective assistance of counsel claim.  First, he asserts that counsel should have objected to the introduction into evidence of the curling iron, hair dryer, and radio.  Second, he argues that trial counsel should have objected to the prosecution's reference to these items during opening and closing statements.

Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To satisfy *Strickland*, petitioner must demonstrate not only that counsel was objectively deficient and not functioning as the counsel guaranteed the defendant by the Sixth Amendment, but also that this deficient performance prejudiced the

5

defense. *Id.* In order to show that counsel's performance was deficient, petitioner "must identify the acts and omissions of counsel that are alleged not to have been the result of reasonable judgement." *Id.* at 690. For the second prong, in order to show that his defense was prejudiced, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id*. at 694. Furthermore, "a court need not address both prongs [of an ineffective assistance of counsel claim,] ... but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir.1995).

The Mississippi Supreme Court considered Ferguson's ineffective assistance of counsel claims and found that he failed to meet the requisite prongs for deficient performance and prejudice under *Strickland.* Doc. [15-2]. According to the victim's testimony, Ferguson began attacking her with a knife. When the knife blade broke, he continued his assault using the curling iron, hair dryer, and radio. Introduction of these items at trial would be permitted under Mississippi law "to tell the complete story". *See Williams v. State of Mississippi*, 991 So.2d 593, 607 (Miss. 2008); *Townsend v. State of Mississippi*, 681 So.2d 497, 506 (Miss. 1996). The prosecution has a legitimate interest in presenting evidence of other crimes or bad acts by a criminal defendant in order to give the jury a rational and coherent story of what happened. *Williams*, 991 So.2d at 607. Where the acts are so interrelated that they constitute a single transaction or occurrence, proof of other crimes or acts is admissible. *See Townsend*, 681 So.2d at 506; *Bruce v. State of Mississippi*, 35 So.3d 1236, 1239 (Miss.Ct.App. 2010). *See also Robinson v. Whitley*, 2 F.3d 562, 567 (5th Cir. 1993)(applying Louisiana evidentiary law in habeas context and holding that evidence of burglary was admissible in trial for rape because "the evidence had independent relevance as an integral part of the crime for which he was tried

and convicted."). The evidence at issue is admissible to "complete the story of the crime by proving the immediate context of events in time and place" and to "evaluate all of the circumstances under which the defendant acted". *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010)(discussing admissibility of "other acts" evidence in direct criminal appeal). Given the evidence's admissibility, the undersigned finds that trial counsel's objection to introduction of the curling iron, hair dryer, and radio would have been futile; therefore, counsel's performance cannot be deemed constitutionally deficient. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998)(holding that counsel's failure to make frivolous objection does not cause performance to fall below objective level of reasonableness).

Even assuming that counsel should have objected, Ferguson cannot demonstrate prejudice. The trial court instructed the jury that to find Ferguson guilty it must find that he stabbed the victim with a knife. Doc. [16-3] at 92-93. The jury convicted Ferguson of aggravated assault with a knife. The jury is presumed to have followed the instructions when it reached its verdict. *See Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011); *Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002). As explained previously, there was more than sufficient evidence for a jury to conclude that Ferguson in fact assaulted the victim with a knife. Even if somehow erroneous, the introduction of these extraneous items into evidence does not rebut the presumption that the jury followed the instructions of the trial court and convicted Ferguson of assault with a knife.

Ferguson's contention that counsel should have objected to the prosecution's reference to injuries caused by the hair dryer, curling iron, and radio likewise is without merit. The prosecution "may comment upon any facts introduced into evidence. He may draw whatever deductions seem to him proper from these facts". *Bell v. State of Mississippi*, 725 So.2d 836,

851 (Miss. 1998). Because these items were referenced in victim's first-hand account of the ongoing assault, counsel had no valid basis for objecting to the prosecution's reference to the curling iron, hair dryer, and radio during opening and closing statements.

**<u>Constructive Indictment</u>**

Ferguson argues that the introduction of evidence regarding the curling iron, hair dryer, and radio resulted in constructive amendment of the indictment, thereby depriving him of a fair trial. In other words, he contends that introduction into evidence of the curling iron, hair dryer, and radio permitted the jury to convict him of assault with these items; whereas, he was only indicted with assault with a knife.

A challenge to the sufficiency of a state indictment is not subject to federal habeas review unless the indictment is so defective to deprive the state court of jurisdiction. *See McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993). To the extent that Ferguson challenges a constructive amendment to the indictment under the Fifth Amendment, this Fifth Amendment right has not been incorporated into the Fourteenth Amendment Due Process Clause; therefore, it is inapplicable in state proceedings. *See Tarpley v. Estelle*, 703 F.2d 157, 161 n.7 (5th Cir. 1983); *Williams v. Haviland*, 467 F.3d 527, 531-31 (6th Cir. 2006); *Barbe v. McBride*, 740 F.Supp.2d 759, 785 (N.D.W.Va. 2010). However, a state criminal defendant may not be convicted of an offense for which he was not charged. *See Tarpley*, 703 F.2d at 160-61. Rather, a criminal defendant is entitled under the Sixth and Fourteenth Amendments to fair notice "of the nature and cause of the accusation" against him. *See Spinkellink v. Wainwright*, 578 F.2d 582, 609 n. 32 (5th Cir.1979); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977).

Ferguson was charged with aggravated assault, and he was convicted of aggravated assault. The record demonstrates that he was convicted of the same conduct for which he was indicted. The instructions submitted to the jury specifically advised that to find Ferguson guilty of aggravated assault the jury was required to find that Ferguson assaulted the victim with a knife. Doc. [16-3] at 92-93. At no point in the proceedings did the prosecution or the trial judge state that Ferguson could be convicted of aggravated assault based on his attack with the curling iron, hair dryer, or radio. To the contrary, the trial judge instructed the jury that for Ferguson to be convicted of aggravated assault, the jury must find that Ferguson caused bodily harm to the victim "with a deadly weapon, to wit, a knife". Doc. [16-3] at 92-93. The trial judge further instructed the jury that "[i]t is a question of fact for you to determine whether the knife claimed to have been used by the defendant was a deadly weapon in the manner claimed to have been used in this case." *Id.* at 93. During closing arguments, the prosecution emphasized that to find Ferguson guilty of the offense of aggravated assault, the state must prove to the jury that Ferguson stabbed the victim with a knife. *Id.* at 99, 101-02. The prosecution focused on the knife as the deadly weapon. *Id.* at 103. The indictment and the jury instructions clearly required that a finding of guilt be based on assault with a knife. Ferguson's claim of constructive amendment is without merit.

**Admissibility of the Curling Iron, Hair Dryer, and Radio**

Ferguson argues that the trial judge erred in admitting into evidence the curling iron, hair dryer, and radio. The undersigned finds that this claim should be dismissed based on Ferguson's failure to exhaust state remedies. In the alternative, as previously discussed, the claim lacks merit because the items were admissible.

Applicants seeking federal habeas relief under § 2254 are required to exhaust their claims in state court prior to requesting federal collateral relief. *See* 2254(d); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to complete the exhaustion of state remedies, Ferguson was required to present this claim to the Mississippi Supreme Court. *See* Miss. R. App. P. 4 & 17. He did not do so. If Ferguson were to attempt to return to state court to exhaust his state remedies, a motion for post-conviction relief would be considered successive and dismissed as procedurally barred. *See* Miss. Code Ann. §§ 99-39-23(6) & 99-39-27(9); *Sneed v. State of Mississippi*, 722 So.2d 1255, 1256 (Miss. 1998). Because the claims are procedurally barred in state court, the undersigned concludes that Ferguson's claims are likewise barred from consideration in this court. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley*, 243 F.3d at 220.

The Court may still reach the merits of a petitioner's claim despite the procedural bar if the petitioner can show cause for the non-exhaustion and prejudice, or if he can show that the Court's failure to consider the merits of petitioner's claim will result in a fundamental miscarriage of justice. *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005). Ferguson offers no explanation for his failure to pursue state remedies with respect to this issue. Therefore, the undersigned finds that he cannot demonstrate cause for his failure to exhaust. Moreover, Ferguson cannot demonstrate a fundamental miscarriage of justice because he has not demonstrated that he is actually innocent of the underlying conviction. *See Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008). The State presented overwhelming evidence

of Ferguson's guilt, which included the victim's first-hand account of the assault, testimony from the treating physician who described her injuries, and testimony from investigating officers who recovered a knife blade from the crime scene.

In the alternative, the undersigned finds Ferguson's claim to be without merit. Federal habeas corpus review is limited to errors of constitutional dimension and federal courts do not sit to review the mere admissibility of evidence under state law. *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998). Federal courts do not review the admissibility of evidence under state law rules unless an erroneous evidentiary ruling was so extreme as to result in a denial of a constitutionally fair proceeding. *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999). The Fifth Circuit has explained that the evidentiary ruling must be so extreme that it constituted a denial of fundamental fairness. *Green v. Johnson*, 160 F.3d 1029, 1047 (5th Cir. 1998). Only where the error was material in the sense of being a crucial, critical, or highly significant factor will the petitioner be afforded habeas relief. *Id.*

As discussed previously, testimony and evidence regarding the hair dryer, curling iron, and radio related to an ongoing transaction or occurrence and merely completed the story of the assault. Under Mississippi law, such evidence is admissible. *See Williams*, 991 So.2d at 607; *Townsend*, 681 So.2d at 506. Even if somehow erroneous, Ferguson has not demonstrated that admission of the evidence was material such that its admission constituted a denial of fundamental fairness. The hair dryer, curling iron, and radio were peripheral to the central, factual question of whether Ferguson assaulted the victim with a knife. The indictment and jury instructions required a finding that Ferguson committed assault with a deadly weapon, to wit, a knife. The evidence presented at trial supported such a finding. The jury is presumed to have

followed the instructions and properly found Ferguson guilty of assault with a knife. *See Charles*, 629 F.3d at 500; *Galvan*, 293 F.3d at 765.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that James Ferguson's 28 U.S.C. § 2254 petition for writ of habeas corpus be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 27th day of April, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE