IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES M. FERGUSON                                                               PETITIONER

v.                                                                Civil No. 1:15cv261-HSO-RHW

MARSHALL FISHER                                                               RESPONDENT

**MEMORANDUM OPINION AND ORDER GRANTING
PETITIONER'S [23] MOTION TO AMEND OBJECTIONS;
OVERRULING PETITIONER'S [22], [23] OBJECTIONS; ADOPTING
[20] PROPOSED FINDINGS OF FACT AND RECOMMENDATION; AND
DENYING [1] PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner James M. Ferguson's Objections [22] to the Proposed Findings of Fact and Recommendation [20] of United States Magistrate Judge Robert H. Walker, and Petitioner's Motion [23] to Amend his Objections [22]. After thoroughly reviewing the Motion [23] to Amend, Proposed Findings of Fact and Recommendation [20], the record, the position of Petitioner advanced in his Objections, and relevant legal authority, the Court will grant Petitioner leave to amend his Objections and will consider the Objections raised in both Petitioner's original Objections [22] and his Motion [23] to Amend. The Court nevertheless concludes Petitioner's Objections [22], [23] should be overruled and that the Magistrate Judge's Proposed Findings of Fact and Recommendation [20] should be adopted as the finding of the Court. Petitioner James M. Ferguson's 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus should be denied, and this case dismissed with prejudice.

I. BACKGROUND

A. State Court Proceedings

On December 19, 2011, a grand jury of the Circuit Court of Harrison County, Mississippi, First Judicial District (the "Circuit Court"), returned an indictment against Petitioner James M. Ferguson ("Petitioner" or "Ferguson") for aggravated assault in violation of Mississippi Code § 97-3-7(2)(b), as a habitual offender in accordance with § 99-19-81. R. [16-1] at 10-11. Petitioner was accused of "unlawfully, feloniously, wilfully and purposely caus[ing] bodily injury to [an individual], with a deadly weapon, to wit: a knife, by stabbing the said [individual] with said weapon . . . ." *Id.* at 10.

On August 9, 2012, Petitioner was found guilty of aggravated assault following a jury trial. *Id.* at 101. The trial court sentenced Petitioner to life in the custody of the Mississippi Department of Corrections pursuant to Mississippi Code § 99-19-83. *Id.* On August 10, 2012, Petitioner's trial counsel filed a Motion for New Trial and for Acquittal Notwithstanding the Verdict, *id.* at 110-11, which the trial court denied, *id.* at 114.

On January 18, 2013, the Circuit Court granted Petitioner's Petition for Post-Conviction Relief, permitting Petitioner to file an out-of-time appeal. R. [16-4] at 147-48. Petitioner appealed. R. [16-1] at 121. On appeal to the Mississippi Supreme Court,

> Ferguson, through appellate counsel, raise[d] the following issues: (1) that the trial court erred in denying Ferguson's motions for directed verdict and judgment notwithstanding the verdict; (2) that the trial court

erred in refusing to grant one of his proposed jury instructions; and (3) that the trial court erred by refusing to admit into evidence drug paraphernalia found in [the victim's] apartment.

*Ferguson v. State*, 137 So. 3d 240, 242-43 (Miss. 2014); *see also* R. [16-5] at 10-14 (appellant's brief). The Mississippi Supreme Court affirmed Petitioner's conviction and sentence, denied his motion for rehearing, and issued its mandate on May 22, 2014. R. [16-4] at 2.[1]

On June 30, 2015, Petitioner filed in the Mississippi Supreme Court a *pro se* Application for Leave to Proceed in the Trial Court for Post-Conviction Relief Proceeding. R. [16-6] at 4. Petitioner asserted that his appellate counsel did not address certain issues on appeal, and that Petitioner was denied due process of law because he was purportedly convicted of an offense other than the one charged in the indictment and because he was not given adequate notice that he would be tried for, and the indictment was constructively amended to charge him with, causing the victim "injuries with hair dryer, curling iron, and radio." *Id.* at 7-12. Petitioner argued that no stab wounds were found on the victim to support a charge that he stabbed the victim with a knife. *Id.* at 12-13.

The Mississippi Supreme Court denied Petitioner's Application on July 15, 2015. R. [16-6] at 2. The court found that Petitioner's "indictment-related claim lacks an arguable basis," and that his "ineffective assistance of counsel claim fails to

---

[1] On May 9, 2014, Petitioner filed a petition for writ of habeas corpus in this Court. *Ferguson v. Miss. Dep't of Corr.*, 1:14cv204-HSO-RHW (S.D. Miss. May 9, 2014). The petition was dismissed without prejudice on June 16, 2015, for failure to exhaust state law remedies. *Ferguson v. Miss. Dep't of Corr.*, No. 1:14cv204-HSO-RHW, 2015 WL 3752346 (S.D. Miss. June 16, 2015).

meet the requisite prongs of deficient performance and prejudice provided by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Id.*

B.  Section 2254 Petition

On August 13, 2015, Petitioner filed a 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus in this Court. Petitioner claims that his trial counsel rendered ineffective assistance in failing to object to the introduction of a curling iron, hair dryer, and portable radio into evidence, and in failing to object to the prosecution's references to injuries caused by these items in opening and closing arguments. Petitioner asserts that the indictment was constructively amended by the admission of the hair dryer, curling iron, and radio into evidence at trial. Underlying each of these claims is Petitioner's continued challenge as to the sufficiency of the evidence. Petitioner maintains that there was no evidence that the victim was stabbed with a knife, and that he was not charged with assaulting the victim with a hair dryer, curling iron, or radio.

Respondent Marshall Fisher ("Respondent") filed an Answer to the Petition on December 14, 2015. Ans. [15] at 1. Respondent identifies an additional claim by Petitioner, that he was deprived a fair trial when the judge allowed the admission of these three items into evidence. *Id.* at 6. As the Magistrate Judge ultimately found, the Petition does not seem to raise this claim, but out of an abundance of caution the Court will address it.

C.  Magistrate Judge's Proposed Findings of Fact and Recommendation

The Magistrate Judge entered a Proposed Findings of Fact and Recommendation [20] on April 27, 2017. To the extent Petitioner professes his innocence, the Magistrate Judge determined that there was constitutionally-sufficient evidence to convict Petitioner of the offense as charged. *See* Proposed Findings of Fact and Recommendation [20] at 4. With respect to the ineffective assistance of counsel claims, the Magistrate Judge found that counsel's performance could not be deemed constitutionally deficient and that Petitioner could not demonstrate prejudice. *Id.* at 6-8. The Magistrate Judge concluded that Petitioner's constructive amendment to the indictment claim lacked merit. *Id.* at 8-9. According to the Magistrate Judge, "[t]he record demonstrates that [Petitioner] was convicted of the same conduct for which he was indicted." *Id.* at 9.

The Magistrate Judge recommended that Petitioner's claim regarding the admissibility of the curling iron, hair dryer, and radio be dismissed based upon Petitioner's failure to exhaust state remedies. *Id.* at 9-10. In the alternative, the Magistrate Judge found that the claim lacked merit because these items were admissible in evidence. *Id.* at 9-12. In sum, the Magistrate Judge recommended that the § 2254 Petition be denied and dismissed with prejudice. *Id.* at 12.

D.  Petitioner's Objections

Petitioner submitted Objections [22] to the Proposed Findings of Fact and Recommendation [20], rearguing the claims in his Petition. Petitioner contends that the State was allowed to constructively amend the indictment to include the

victim's injuries from the hair dryer, curling iron, and radio, and that his trial counsel was ineffective in failing to object to the introduction of these items into evidence. Obj. [20] at 2-9. Petitioner claims that he is actually innocent of the crime charged, *id.* at 9-10, and attempts to distinguish between lacerations and "stab wounds," maintaining that the medical records prove the victim was not stabbed, *id.* at 10-11.

Petitioner later filed a Motion [23] to Amend his Objections [22], asking the Court to consider additional legal and factual arguments. These include that a detective of the Gulfport Police Department ("GPD") erroneously stated in his investigative reports that the victim's medical records documented that she suffered multiple stab wounds to her face. Mot. [23] at 3. According to Petitioner, after the GPD detective presented this information to a grand jury, the grand jury returned an indictment charging him with stabbing the victim. *Id.* However, Petitioner insists that the medical report did not state that the victim suffered stab wounds, constituting plain error. *Id.* Petitioner attaches exhibits which are also found in the state-court record.

## II. DISCUSSION

A. <u>The Court will grant Petitioner's Motion [23] to Amend.</u>

Petitioner seeks to have the Court consider additional legal and factual arguments. While Petitioner's arguments do not change the result here, the Court will nevertheless grant Petitioner's Motion [23] and consider all objections he has raised in his original Objections [22] and in his Motion [23] to Amend.

B.  The Court will overrule Petitioner's Objections and adopt the Magistrate Judge's Proposed Findings of Fact and Recommendation [20].

1.  Standard of Review

Because Petitioner has filed written Objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation [20], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Having conducted a de novo review of the record, and for the reasons that follow, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt his Proposed Findings of Fact and Recommendation.

2.  Relevant Legal Authority

28 U.S.C. § 2254(d) provides that

[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)  resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "This is a difficult to meet, and a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Boyer v. Vannoy*, 863 F.3d 428, 440–41 (5th Cir. 2017) (quotation omitted).

3.   Petitioner's Insufficiency of the Evidence Claim

The United States Supreme Court has held that

> in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "In applying this standard, a federal habeas court refers to the state's criminal law for the substantive elements of the offense." *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999).

Petitioner was charged with aggravated assault in violation of Mississippi Code § 97-3-7(2)(b).[2] This statute provides, in relevant part, that a person is guilty of aggravated assault if he attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. Miss. Code Ann. § 97-3-7(2)(b) (2011).[3] The

---

[2] Petitioner does not challenge his sentence or the determination that he qualified as a habitual offender under Mississippi Code § 99-19-81.

[3] This subsection is now located at Mississippi Code § 97-3-7(2)(A)(ii).

-8-

indictment charged that Petitioner used a deadly weapon, specifically a knife. R. [16-1] at 11.

Petitioner does not dispute that he assaulted the victim. The crucial factual dispute, in Petitioner's view, is whether lacerations the victim sustained on her face were caused by a knife or by shards of glass from the victim's eye glasses. However, evidence was adduced at trial demonstrating that the lacerations were caused by Petitioner stabbing the victim. The jury was presented with sufficient evidence from which a rational trier of fact could have found proof of Petitioner's guilt beyond a reasonable doubt, including the victim's own testimony that Petitioner stabbed her in the face and head with a knife, R. [16-2] at 130-31, and the testimony of an emergency room physician who treated the victim that the victim's lacerations were consistent with being stabbed or cut with a knife, R. [16-3] at 3.

### 3. Petitioner's Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, Petitioner bears the burden of proving deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). "With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting

*Strickland*, 466 U.S. at 694).

The standards created by *Strickland* and § 2254(d) are "highly deferential." *Id.* at 105 (quoting *Strickland*, 466 U.S. at 689). The Supreme Court has held that, "when the two apply in tandem, review is 'doubly' so." *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). When § 2254(d) applies, the question is not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *See id.* As the Magistrate Judge pointed out, there are reasonable arguments that Petitioner's counsel satisfied *Strickland*'s deferential standard. *See* Proposed Findings of Fact and Recommendation [20] at 6-8.

a. Admission of Hair Dryer, Curling Iron, and Radio into Evidence

Evidence of another offense is admissible if that offense is so clearly related to the charged crime as to form a single transaction or a closely related series of transactions. *See Townsend v. State*, 681 So. 2d 497, 506 (Miss. 1996). Such evidence "must be integrally related to time, place, and fact to that for which defendant stands trial." *Id.* The evidence must be essential for telling a complete, rational, and coherent story. *See id.*

The victim testified Petitioner hit her with the hair dryer, curling iron, and radio after the knife he was using to stab her broke. *See* R. [16-2] at 131-33. These items were admissible because they were substantially necessary to present the complete story of the crime to the jury. *See, e.g., id.*; *Davis v. State,* 40 So. 3d 525, 530 (Miss. 2010). "Because failure to make a frivolous objection does not cause

counsel's performance to fall below an objective level of reasonableness," *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998), Petitioner has not shown constitutionally deficient performance by his trial counsel in this regard.

Nor has Petitioner shown prejudice. The trial court instructed the jury in relevant part that, in order to convict Petitioner of aggravated assault, it had to find beyond a reasonable doubt that Petitioner feloniously, willfully, and purposefully caused bodily injury to the victim "with a deadly weapon, to wit, a knife" by stabbing the victim "with said deadly weapon." R. [16-3] at 92-93. The jury is presumed to have followed the trial court's instructions. *Charles v. Thaler*, 629 F.3d 494, 500 (5th Cir. 2011).

      b.     <u>The Prosecution's Reference to Injuries Caused by the Hair Dryer, Curling Iron, and Radio</u>

Petitioner has not demonstrated deficient performance by his trial counsel in not objecting to the prosecutor's reference to injuries caused by the hair dryer, curling iron, and radio. A prosecutor may comment upon any facts introduced into evidence and may draw whatever deductions seem to him proper from these facts, *Bell v. State*, 725 So. 2d 836, 851 (Miss. 1998), and "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness," *Green,* 160 F.3d at 1037.

    4.     <u>Petitioner's Constructive Amendment Claim</u>

"[I]n federal courts, the fifth amendment's guarantee of a grand jury indictment prohibits . . . constructive amendment of the indictment . . . ." *Tarpley v.*

*Estelle*, 703 F.2d 157, 161 n.7 (5th Cir. 1983). "That constitutional protection, however, has never been incorporated into the fourteenth amendment's due process clause; it is inapplicable to state proceedings." *Id.*

Petitioner had a Sixth Amendment right to adequate notice of the charges against him. *See Nelson v. Scott*, 66 F.3d 323, 1995 WL 534996, *2 n.2 (5th Cir. 1995) (citing *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994)). "An indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted." *McKay*, 12 F.3d at 69 (citation omitted). In considering the sufficiency of an indictment, the standard is based upon practical considerations, not technical ones, and "involves minimal constitutional standards, not whether a better indictment could have been written." *Id*. However, unless an indictment is so defective that it deprived the state court of jurisdiction, the sufficiency of a state indictment is not a matter for federal habeas relief. *See id.* at 68.

As the Magistrate Judge found, the record demonstrates that Petitioner was convicted of the charge for which he was indicted. The indictment set forth each of the *prima facie* elements of the offense of aggravated assault, fairly informed Petitioner of the charges against him, and provided Petitioner with a double jeopardy defense against future prosecutions. *See id.*; *see also* R. [16-1] at 11-12 (indictment). This constituted fair notice of the nature and cause of the accusation and comported with the Sixth Amendment. Petitioner is not entitled to relief on his claim of constructive amendment.

5. Petitioner's Claim as to the Admissibility of Evidence

To the extent Petitioner claims that the trial court erred in admitting the hair dryer, curling iron, and radio into evidence, such argument is unavailing. The Court agrees with the Magistrate Judge's determination that this claim should be dismissed based upon Petitioner's failure to exhaust state remedies because his claims are now procedurally barred in state court and also in this Court. *See* Proposed Findings of Fact and Recommendation [20] at 9-11 (citing *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)). Nor has Petitioner shown cause for the non-exhaustion or prejudice, and he cannot demonstrate the Court's failure to consider his claim on its merits will result in a fundamental miscarriage of justice because Petitioner has not demonstrated that he is actually innocent of the substantive offense. *See Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008); *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005). In this case, the State presented overwhelming evidence of Petitioner's guilt at trial.

In addition, "in reviewing state court evidentiary rulings, the federal habeas court's role is limited to determining whether a trial judge's error is so extreme that it constituted denial of fundamental fairness under the Due Process Clause." *Castillo v. Johnson*, 141 F.3d 218, 224 (5th Cir. 1998) (quotation omitted). As the Court stated earlier, it finds no error in the admission of the hair dryer, curling iron, and radio in order to tell the complete and coherent story of the crime. Even if the admission of this evidence was erroneous, Petitioner has not demonstrated that the error was so extreme that it rose to the level of denial of fundamental fairness.

6. <u>Alleged Misrepresentation to the Grand Jury</u>

Petitioner's next claim is that a GPD police detective's purported misstatement in his investigative report was presented to the grand jury. Mot. [23] at 3. Petitioner appears to assert that, because of this alleged misrepresentation, his indictment was constitutionally defective. The alleged misrepresentation was "that the victim's medical records documented that the victim suffered multiple stab wounds to her face," as opposed to lacerations, which caused the grand jury to return an indictment accusing Petitioner of stabbing the victim. *Id.*

Petitioner appears to raise this claim for the first time in his Objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation [20]. For this reason, this claim should be dismissed due to Petitioner's failure to exhaust state remedies. Petitioner cannot return to the Mississippi courts to cure this deficiency because Mississippi Code § 99-39-23(6) would bar a second motion for post-conviction relief. *See, e.g., Turner v. Epps,* 460 F. App'x 322, 329 (5th Cir. 2012). Petitioner has not shown cause for this default or prejudice attributable to it, nor has he demonstrated that failure to consider the federal claim will result in a fundamental miscarriage of justice. *See Finley*, 243 F.3d at 220. This claim is procedurally defaulted. *See id.*

Alternatively, this claim lacks merit. There is no allegation that the State knowingly used perjured testimony to obtain a conviction. Nor has Petitioner shown that the State knowingly used perjured testimony to secure a grand jury indictment. In fact, Petitioner has not demonstrated that any false testimony was

presented to the grand jury. "Laceration" is a medical term meaning "a tearing or rupturing of soft tissue (e.g., skin, brain, liver) by blunt trauma," or a "torn or jagged wound." Stedmans Medical Dictionary 475050. The GPD detective's investigation apparently led him to the conclusion that the medical records demonstrated that the victim had suffered multiple stab wounds to her face, *see* Detective's Report [23-1] at 1, which is not inconsistent with the victim's medical records. Petitioner's claim on this point should be dismissed.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Petitioner's Objections [22], [23] should be overruled, the Magistrate Judge's Proposed Findings of Fact and Recommendation [20] should be adopted as the finding of the Court, and Petitioner's Petition [1] for Writ of Habeas Corpus should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner James M. Ferguson's Motion [23] to Amend his Objections [22] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner James M. Ferguson's Objections [22], [23] to the Proposed Findings of Fact and Recommendation [20] of United States Magistrate Judge Robert H. Walker are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation [20] is **ADOPTED** as the

finding of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] filed by Petitioner James M. Ferguson is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of November, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE